BLAYLOCK v. LONN.

(Division A. May 26, 1930.)

[128 So. 555. No. 28748.]

Valentine & Valentine, of Cleveland, for appellant.

Cook, J., delivered the opinion of the court.

The appellee, Nick Lonn, filed a bill of complaint in the chancery court of the Second district of Bolivar county against his daughter, Mrs. Marguerite K. Blaylock, seeking to have canceled, as a cloud on his title, a certain warranty deed theretofore executed by him, by which, for a consideration of love and affection, he conveyed to the defendant a certain lot located in the city of Cleveland, Mississippi, and, from a decree canceling the deed and revesting the title to the said lot in the appellee, this appeal was prosecuted.

The bill of complaint averred that the appellee purchased the lot in question and erected thereon a small cottage in which he lived, and also a small servant's house consisting of one room; that in the year 1926 the appellant and her two daughters moved to Cleveland and made their home with her father, appellant's husband

having deserted her and her children; that he cared for the appellant and her daughters and furnished them with all the necessities of life; that about Christmas, 1926, he informed the appellant that it was his desire that after his death she should have the little home in which they were all living, and that he desired to transfer the deed to her so there would be no trouble about it after his death, and that he then gave her the deed by which the property was conveyed to him; that thereafter, on the 2d of March, 1927, the appellant caused a deed to be drafted, and signed and executed by the appellee, conveying to her, in fee simple, for a consideration of natural love and affection, the said real estate, but in said deed a life estate in the property was not retained in the grantor, as was intended by him; that when he executed the deed he did not read it, and it was not read to him, but that he signed and delivered it under the erroneous impression that by said deed he was only conveying to his daughter the lot from and after his death; that thereafter the appellant attempted to sell the said property without the knowledge or consent of the appellee, and thereby deprive him of his home and the right to live therein until his death.

It was further charged that the appellant voluntarily left the home of the appellee to obtain employment elsewhere; that, having failed to obtain possession of the said home and to evict the appellee therefrom, she afterwards filed unlawful entry and detainer proceedings, charging that the appellee had unlawfully turned her out of possession of said property, and requesting that possession thereof be given her in accordance with her rights under the deed from the appellee to her. It was further charged that the said deed was fraudulently obtained by the appellant; that there was no consideration for such conveyance; that the said pretended deed was intended by appellee to operate as a will; and that, when he executed it, he believed that he would have the option, as in any other devises of property, to change or alter

the same at any time before his death. The prayer of the bill was for a decree canceling and annulling the said deed.

The appellant filed her answer to the bill of complaint, and, upon final hearing of the cause, the appellee testified that he first told the appellant that he would give her the property for a Christmas present, and afterwards told her that he would give her a deed to it; that he fully explained to her that he intended to reserve the right to occupy the homestead as long as he lived, and that she should have it after his death; that he instructed her to have a deed prepared reserving to him a life estate in the property; that the deed was prepared, and that he executed it without reading it; that he afterwards learned that the appellant was trying to sell the property, and then for the first time learned that the deed did not contain the reservations and conditions which he had directed the appellant to incorporate therein; and that afterwards the appellant instituted the proceedings at law to evict him and to secure possession of the property.

The appellant testified that, while she and her daughters were living in her father's home, he lived in the small house on the back of the lot; that about Christmas, 1926, he handed her the deed conveying the property to him, and told her he was giving her the property as a Christmas present; that in March thereafter, acting under the instructions of her father, she had an attorney prepare a deed conveying the property to her, and it was thereupon executed by her father; that he did not instruct her to have any conditions or limitations placed in the deed, but said, at the time, that he desired to live in the small house located on the lot, as long as he lived, and did not care what she did with the balance of the property. She further testified that she had some negotiations looking to a sale of all the property except the small house, but, when her father objected to the sale, she abandoned the effort.

The evidence is insufficient to sustain a finding that the execution of the deed to appellant was procured by fraud, and court below did not so hold, but seems to have canceled the deed on the ground that by reason of the attempt to sell all or a portion of the property, and the institution of the unlawful entry and detainer proceedings, there was a breach of a condition subsequent agreed upon between them, but not expressed in the deed. As to whether or not the appellee directed that any reservations, conditions, or limitations should be placed in the deed, the evidence is conflicting, but it clearly shows that the appellee could read, and that he had every opportunity to read the deed and familiarize himself with the contents thereof, and that he carried it to the office of the circuit clerk of the county, and there signed and acknowledged it before that officer; that on the same day it was filed for record, and, after being recorded in the chancery clerk's office, was returned to the appellant, and by her delivered to her father for safe-keeping. The bill of complaint does not seek a reformation of the deed, and the terms and provisions thereof must control. It is a simple warranty deed conveying the property to the appellant "to have and to hold unto her, her heirs and assigns, in fee simple forever;" and the terms thereof cannot be varied by oral evidence of agreements, reservations, conditions, or limitations not therein contained.

The decree of the court below will therefore be reversed, and the bill of complaint dismissed.

Reversed and dismissed.